UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY COMPANY,

            *Plaintiffs*,

  -against-

LYNN CURCURO TENENBAUM, PH.D., LYNN CURCURO CONSULTING, LTD, ALEX PUZAITZER, YURIY ZAYONTS, IRINA ZAYONTS, GARY GRODY a/k/a LANCE GRODY, and JOHN DOE DEFENDANTS "1" – "10",

            *Defendants*.

---

22-CV-4543 (ARR) (PK)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**MEMORANDUM & ORDER**

ROSS, United States District Judge:

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company ("GEICO") have moved for an order enjoining defendant Lynn Curcuro Consulting, LTD ("LCC"), or anyone acting on its behalf, from pursuing collection of certain claims that are subject of GEICO's declaratory judgment action, or from initiating new collection claims, during the pendency of the present suit. For the following reasons, GEICO's motion is granted.

## BACKGROUND

GEICO is an insurance company authorized to conduct business and issue automobile insurance policies in New York. Am. Compl. ¶ 8, ECF No. 23. In this suit, GEICO alleges that LCC, Lynn Curcuro Tenenbaum, Ph.D., and other defendants wrongfully obtained over $644,000 through a fraudulent no-fault insurance scheme and are continuing to attempt to collect over

$535,000 in pending no-fault insurance claims that have been submitted by or on behalf of LCC. *See id.* ¶¶ 1–2.

The present case is one of a series of suits instituted by GEICO against entities and individuals allegedly involved in no-fault insurance schemes. *See Gov't Emps. Ins. Co. v. Tolmasov*, 602 F. Supp. 3d 380, 386 (E.D.N.Y. 2022) (collecting cases). Because defendant LCC is in default and I assume GEICO's familiarity with its prior cases, I will not recite the entire legal background of New York's no-fault insurance laws, which have been thoroughly described in prior opinions. *See, e.g.*, *id.* at 383–84; *Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443, 446–47 (E.D.N.Y. 2020), *appeal dismissed*, No. 19-4414 (2d Cir. May 11, 2020). For the purpose of this order, I simply note the following basic facts underlying New York's no-fault insurance system.

Under New York's Comprehensive Motor Vehicle Insurance Reparations Act, N.Y. Ins. Law §§ 5101–5109, and the regulations promulgated thereunder, N.Y. Comp. Codes R. & Regs. tit. 11, § 65 ("N.Y.C.R.R."), automobile insurers are required to provide personal injury protection benefits up to $50,000 per insured for necessary expenses incurred for healthcare goods and services, without requiring proof of the other driver's fault. *Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17-CV-2802 (ILG), 2018 WL 6031156, at *1 (E.D.N.Y. Nov. 16, 2018). Insureds may assign their no-fault benefit rights to health care service providers; the providers may then submit claims directly to and receive payment from the insurance company for medically necessary services. 11 N.Y.C.R.R. § 65-3.11(a).

To be eligible to collect no-fault benefits, a healthcare provider must be lawfully incorporated, must meet all applicable New York State and local licensing requirement necessary to perform healthcare services in New York, and "(1) must be owned by a physician who actually

2

engages in the practice of medicine through that corporation, N.Y. Bus. Corp. Law § 1508, (2) may not bill for services provided by physicians who are not employees of the corporation, such as independent contractors, 11 N.Y.C.R.R. § 65-3.11(a), and (3) may not pay kickbacks to third parties for the referral of insureds. 8 N.Y.C.R.R. § 29.1(4)." *Mayzenberg*, 2018 WL 6031156, at *2.

In its complaint, GEICO alleges that LCC violated essentially all the foregoing requirements and is therefore unentitled to receive payment for any of the pending bills submitted to GEICO. Am. Compl. ¶¶ 174–78. Specifically, GEICO alleges that defendant Lynn Tenenbaum ceded control of her psychological practice, LCC, to unlicensed laypeople, including defendants Alex Puzaitzer, Yuriy Zayonts, Irina Zayonts, Gary Grody a/k/a Lance Grody, and other individuals presently unknown to GEICO (John Doe Defendants "1" through "10"), who used LCC as a means of submitting to GEICO thousands of charges for fraudulent psychological services purportedly performed by Tenenbaum to individuals who claimed to be involved in automobile accidents and were covered by GEICO no-fault insurance policies. *Id.* ¶¶ 1–4.

GEICO filed its initial complaint on August 2, 2022, ECF No. 1, and its amended complaint on January 5, 2023. On March 8, 2023, GEICO filed the present motion seeking an injunctive order because "both LCC and its purported owner, Tenenbaum, are currently in default in this action . . . but, nonetheless, . . . LCC is still actively pursuing collection on the fraudulent claims against GEICO." Mot. to Stay 2, ECF No. 41. The collections are proceeding before the American Arbitration Association ("AAA"). *See* Mot. to Stay, Ex. A, ECF No. 41-1. The defaults of LCC and Tenenbaum were confirmed on March 14, 2023, when the Clerk of Court entered certificates of defaults for both defendants. ECF Nos. 43, 47. Out of all named defendants, the only defendant not in default is Puzaitzer, who filed an answer on March 6, 2023. Puzaitzer Answer, ECF No. 40.

3

On March 15, 2023, I ordered LCC to show cause why an order should not be issued staying all no-fault collection arbitrations pending between LCC and GEICO and barring LCC from commencing any new no-fault collection arbitrations or litigations against GEICO during the pendency of this action. Order to Show Cause 1, ECF No. 48. The order set a show cause deadline of March 24, 2023. *Id.* I also ordered GEICO to serve a copy of my order and the underlying motion to stay upon LCC in a manner provided by the Federal Rules of Civil Procedure on or before March 17, 2023. *Id.* at 1–2. GEICO did so and filed proof of service. Aff. of Service, ECF No. 49. To date, LCC has not responded to the order to show cause.

## LEGAL STANDARD

A motion to stay and enjoin no-fault collection proceedings is considered under the preliminary injunction standard as provided by Federal Rule of Civil Procedure 65. *Wellmart RX*, 435 F. Supp. 3d at 449 (citation omitted). "In order to justify a preliminary injunction, a movant must demonstrate (1) irreparable harm absent injunctive relief; and (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor . . . ." *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (quotation omitted). "The showing of irreparable harm is [p]erhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quotation and citation omitted). Because LCC is in default, I am required to accept the factual allegations in the complaint as true and draw all reasonable inferences in GEICO's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted).

## DISCUSSION

"[T]he question of whether a federal district court has the power to stay and enjoin private arbitration proceedings when there is a valid agreement to arbitrate is an open one in the Second Circuit." *Mayzenberg*, 2018 WL 6031156, at *3 (citing *In re American Express Fin. Advisors Sec. Litig.*, 672 F.3d 113 (2d Cir. 2011). However, courts in this district have consistently concluded that they have the authority to stay and enjoin no-fault collection arbitrations in similar cases, notwithstanding the Federal Arbitration Act. *See, e.g.*, *Gov't Emps. Ins. Co. v. Beynin*, No. 19-CV-6118 (DG) (PK), 2021 WL 1146051, at *8–9 (E.D.N.Y. March 25, 2021); *Mayzenberg*, 2018 WL 6031156, at *3–4. I concur with my colleagues and find that I have the power to stay and enjoin the arbitrations in this case.

I also find that the requested relief is warranted. Given the allegations in the amended complaint, I have little trouble finding that GEICO has satisfied the preliminary injunction standard. "To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling*, 295 F.3d at 214 (quotations omitted). I find that GEICO has established irreparable harm because irreparable harm occurs where "an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action." *Tolmasov*, 602 F. Supp. 3d at 387 (quotation omitted) (collecting cases). Additionally, money damages are unlikely to provide adequate compensation because the record suggests that LCC is structured to be judgment proof. Mot. to Stay 3 n.4; Amended Compl. ¶¶ 52–61. GEICO has also shown a likelihood of success on the merits by detailing "a complicated scheme of alleged fraudulent activity," *see Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 222 (E.D.N.Y. 2013),

supported by multiple specific examples of alleged fraud, Amended Compl. ¶¶ 102, 123, 133, 137. Because defendant LCC is in default and thus is not defending itself in this action, GEICO has a strong likelihood of success on the merits. And even if GEICO were only to raise a serious question going to the merits, I would find that the balance of hardships tips decidedly in GEICO's favor, consistent with decisions in similar cases. *See, e.g.*, *Tolmasov*, 602 F. Supp. 3d at 392; *Wellmart RX*, 435 F. Supp. 3d at 455.

Rule 65 provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Because the preliminary injunction will not prejudice defendant LCC and this case involves the enforcement of public interests, I exercise my discretion to waive the bond requirement. *See Wellmart RX*, 435 F. Supp. 3d at 455–56; *Mayzenberg*, 2018 WL 6031156, at *10.

## CONCLUSION

For the foregoing reasons, GEICO's motion is granted. It is ORDERED that all pending no-fault insurance collection arbitrations that have been commenced against GEICO by or on behalf of Lynn Curcuro Consulting, LTD, are hereby stayed pending disposition of GEICO's claims in this action; and it is further ORDERED that Lynn Curcuro Consulting, LTD, and anyone acting or purporting to act on its behalf, are enjoined from commencing any further no-fault insurance collection arbitrations or litigations against GEICO, pending the disposition of GEICO's claims in this action.

SO ORDERED.

                                                     /s/
                                    Allyne R. Ross
                                    United States District Judge

Dated:      March 31, 2023
              Brooklyn, New York